IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| MARINER FINANCE, LLC, | * |
| Plaintiff, | * |
| v. | * |
|  | *   Civil No. 24-1568-BAH |
| JAMES R. TACCINO SR., | * |
| Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM AND ORDER**

Defendant James R. Taccino Sr. ("Defendant"), proceeding pro se, removed this action from the District Court of Maryland for Allegany County. ECF 1. Defendant did not pay the civil filing fee or file a motion to proceed in forma pauperis. Plaintiff Mariner Finance LLC ("Plaintiff") filed a motion to remand. ECF 9. Defendant does not appear to have responded to the motion, but later filed a "Motion to Adjoin Mariner Finance LLC CEO Joshua Johnson as Defendant." ECF 12. Because the Court lacks subject matter jurisdiction over this action, Plaintiff's motion to remand will be granted, and this Court will not rule on the "Motion to Adjoin."

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The Court must have subject matter jurisdiction either based on diversity of citizenship or a federal question. 28 U.S.C. §§ 1331, 1332(a)(1). Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy over $75,000. 28 U.S.C. § 1332(a)(1). Federal question jurisdiction is determined "by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly

pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[A] case may *not* be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393 (emphasis in original). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

Plaintiff asserts that the Court does not have federal question jurisdiction because Plaintiff did not raise any federal claims in its complaint for breach of a loan contract. ECF 9-1, at 2. Further, Plaintiff argues that Defendant could not remove this action based on diversity of citizenship because he is a citizen of Maryland, and 28 U.S.C. § 1441(b)(2) precludes removal on the basis of diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." ECF 9-1, at 2. Plaintiff also seeks recovery of attorney's fees pursuant to 28 U.S.C. §1447(c) for the costs incurred in filing the motion to remand. *Id.* at 3.

In the notice of removal, Defendant cites 28 U.S.C. §1446(d) and lists "many imperfections, diversity, and time to prepare a case" as the reasons for removal. ECF 1, at 1; ECF 1-1, at 1. The only possible basis for removal in this list is diversity. However, diversity jurisdiction does not exist here. First, the amount in controversy appears to be $2,677.85 ($2,270.25 in principal plus prejudgment interest plus $407.60 in attorney's fees), ECF 2 (state court complaint), well below the statutory threshold. Further, as Plaintiff has pointed out, even if there is complete diversity between the parties, Defendant, as a citizen of Maryland, cannot remove the case on the basis of diversity jurisdiction because this Court sits in Maryland. *See* 28 U.S.C.

1441(b)(2). For these reasons, the case will be remanded back to District Court of Maryland for Allegany County.

The Court now turns to Plaintiff's request for attorney's fees. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "[A]n award of fees under § 1447(c) is left to the district court's discretion," *id.* at 139, but the Court "should be 'faithful to the purposes' of awarding fees under § 1447(c)," *id.* at 141 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1993)). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

While Defendant did not have an objectively reasonable basis for removing this action, the Court will nonetheless decline awarding attorney's fees. Courts routinely deny requests for attorney's fees based on improper removal when the removing defendant is pro se. *See Monument City Rentals, LLC v. Thompson-McKoy*, Civ. No. 24-264-JRR, 2024 WL 3303109, at *2 (D. Md. July 3, 2024) (declining to award attorney's fees because defendant was pro se and collecting cases so holding). Further, Plaintiff has failed to specify its attorney's fees or costs sought. *See Rock Creek Cap., LLC v. Johnson*, Civ. No. DKC-24-284, 2024 WL 895121, at *2 (D. Md. Mar. 1, 2024) (granting remand but declining to award attorney's fees where defendant was pro se and

3

plaintiff did not identify "any attorney's fees or recoverable costs"). The Court will follow suit and decline to award attorney's fees to Plaintiff here.

For the reasons stated herein, it is this 13th day of January 2025, ORDERED that:

(1) Plaintiff's motion to remand, ECF 9, is GRANTED;

(2) Plaintiff's request for attorney's fees pursuant to 28 U.S.C. § 1447(c) is DENIED;

(3) The case is REMANDED to the District Court of Maryland for Allegany County; and

(4) The Clerk is directed to CLOSE this case and MAIL a copy of this order to Defendant.

/s/
Brendan A. Hurson
United States District Judge

4